Dear Judge Bens:
This office is in receipt of your opinion request of recent date wherein you ask whether a hearing officer may conduct probable cause hearings, accept guilty pleas and sentence defendants on guilty pleas.
Our response is governed by the provisions of Magistrate Section; Judge; Election; Salary; Powers; Jurisdiction, LSA-R.S. 13:1346. Therein note that certain powers, such as conducting hearings and accepting pleas are specifically delegated to judges.
The powers given to judges, which are applicable, are found in LSA-R.S. 13:1346(D). It states in pertinent part:
 D. The judge may hear preliminary motions, conduct extradition hearings, accept pleas in misdemeanor cases, hear and render judgments in other matters, including misdemeanor cases, preliminary to trial on the merits, conduct trials of misdemeanor cases, preside over jury trials of misdemeanor cases, and sign and issue search and arrest warrants upon probable cause being shown in accordance with the law.
As stated in your opinion request letter, the law has provided for certain duties and discretionary powers to be delegated to other court personnel in the interest of "expediting the business and function of the court," found in LSA-R.S. 13:2496.2(A). However, certain critical inherent powers must remain with judges.
We conclude that a prospective hearing officer may not conduct probable cause hearings, accept guilty pleas or sentence defendants on guilty pleas because those powers are specifically delegated to judges.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ MARTY WHITE ASSISTANT ATTORNEY GENERAL
MW/kw/jy
Date Released: October 9, 2002